# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ARIEL DURR,** on behalf of herself and others similarly situated, | : : : |
| **Plaintiff**, | : CASE NO. 2:20-cv-5429 : |
| v. | : JUDGE : |
| **DIVERSIFIED HEALTH MANAGEMENT, INC.,** c/o Alexander S. Phommasathit 13677 Mottlestone Dr. NW Pickerington, OH 43147 | : MAGISTRATE JUDGE : : **JURY DEMAND ENDORSED** : **HEREON** : : |
| **Defendant**. | : |

### PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff, Ariel Durr ("Named Plaintiff," "Plaintiff," or "Durr") individually and on behalf of other members of the general public similarly situated, for her Complaint against Defendant, Diversified Health Management, Inc. ("Defendant" or "DHM") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiff, individually and on behalf of others similarly situated, hereby state as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claims occurred in the Southern District of Ohio, and Defendant's principal place of business is located in the Southern District of Ohio at 3569 Refugee Road, Suite C, Columbus, Ohio 43232.

## II. PARTIES

### Named Plaintiff

4. Durr is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Durr was employed by Defendant beginning in or around August 2019 until October 2020.

6. Durr primarily worked as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Durr was a Home Health Aide ("HHA") primarily performing HHA responsibilities for Defendant's clients. During her employment with Defendant, Durr traveled to and from Defendant's clients' residences in and around Central Ohio.

8. Durr brings this action on her own behalf and on behalf of those similarly situated, and she has given her written consent to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Defendant**

9. Defendant is a corporation for profit that operates and conducts substantial business activities in the Southern District of Ohio and throughout Ohio. Defendant is a provider of in-home healthcare services.

10. Defendant employs Named Plaintiff and other home health care employees as HHAs.

11. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated home health employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated home health employees.

12. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated home health employees. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated home health employees.

13. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

14. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to employees at its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

15. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated home health employees to work. The work that Named Plaintiff and other similarly situated home health employees performed was for Defendant's benefit.

16. Defendant operates and controls and enterprises and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

18. Defendant paid Named Plaintiff and others similarly situated an hourly wage to perform work.

19. Named Plaintiff and other similarly situated home health employees regularly worked more than 40 hours in a workweek.

20. During their employment with Defendant, Named Plaintiff worked as an HHA providing companionship services, domestic services, home care, and other in-home services for Defendant's clients/patients.

21. Defendant did not pay Named Plaintiff and other similarly situated home health employees all overtime wages they earned for several reasons.

22. First, when Defendant did pay overtime, it did not do so for all hours worked over 40 in a workweek. For instance, Named Plaintiff was paid in excess of 80 hours at her base hourly rate of pay for a biweekly pay period.

23. Second, Named Plaintiff and others similarly situated often provided care to multiple patients or clients throughout the day, and as such, they traveled to the patients' homes. However, Defendant did not pay Named Plaintiff and others similarly situated for their travel time between patients' homes.

24. As a result of Defendant's failure to compensate Named Plaintiff and similarly situated home health employees for their travel time between Defendant's patients' homes, Named Plaintiff and other similarly situated home health employees were not paid one and one-half times their regular rates of pay for all hours worked over 40.

25. Third, Defendant informed Named Plaintiff and other similarly situated home health employees that Defendant was no longer going to pay them any overtime premium for hours worked over 40 in a workweek, and instead that they would be paid at their base hourly rate of pay for all hours worked.

26. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with federal and Ohio wage and overtime payment and recordkeeping laws.

27. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

28. Defendant's failure to compensate Named Plaintiff and other home health employees as set forth above resulted in unpaid overtime.

### IV. 216(b) COLLECTIVE ALLEGATIONS

29. Named Plaintiff brings the FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other similarly situated home health employees of the opt-in class. The FLSA collective consisting of:

> All current and former hourly home health employees of Defendant who worked 40 or more hours in any workweek during the three years preceding the filing of this Complaint (the "FLSA Collective" or the "FLSA Collective Members").

30. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices described herein. Named Plaintiff is representative of those other similarly situated home health employees and is acting on behalf of their interests as well as her own in bringing this action.

31. The identity of the putative FLSA Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### V. RULE 23 ALLEGATIONS

32. Named Plaintiff brings the Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> All current and former Ohio hourly home health employees of Defendant who worked 40 or more hours in any workweek during the two years preceding the filing of this Complaint (the "Rule 23 Class" or the "Rule 23 Class Members").

33. The Rule 23 Class includes all current or former hourly, non-exempt home health employees employed by Defendant throughout the State of Ohio as defined above.

34. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

35. Named Plaintiff is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

36. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

37. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

38. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

39. Questions of law and fact are common to the Rule 23 Class.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt home health employees.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

43. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class an overtime premium for hours worked over 40 in a workweek; (b) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for travel between Defendant's patients' homes; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

44. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

VI.     **CAUSES OF ACTION**

**<u>FIRST CAUSE OF ACTION:</u>**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

47. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

48. During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

49. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

50. Named Plaintiff and the FLSA Collective Members were not paid all overtime wages they were owed as more fully described above.

51. Named Plaintiff and the FLSA Collective Members regularly worked in excess of 40 hours in workweeks.

52. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for all hours worked over forty (40) in a workweek as described above.

53. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

54. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

55. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

56. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. This claim is brought under the Ohio Acts.

59. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Acts.

60. The Ohio Acts require that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

61. Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for this time spent working because Defendant did not pay an overtime premium for hour worked over 40 and also as a result of Defendant's failure to fully and properly pay them as described herein.

62. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Acts.

63. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

64. For Defendant's violations of R.C. §4111.03, by which Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Rule 23 Class Members.

### THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. Named Plaintiff and the Rule 23 Class Members were employed by Defendant.

67. During all relevant times, Defendant was an entity covered by the OPPA and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

68. The OPPA requires Defendant to timely pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

69. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate of pay, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

70. Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

71. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

### FOURTH CAUSE OF ACTION:
### RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO O.R.C. 2307.60

72. All of the preceding paragraphs are realleged as if fully rewritten herein.

73. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

74. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiff and the Ohio Rule 23 Class have been injured as a result.

75. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

76. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

### FIFTH CAUSE OF ACTION:
### RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

77. All of the preceding paragraphs are realleged as if fully rewritten herein.

78. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

79. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

80. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

81. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

82. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Allowing Named Plaintiff, the FLSA Class Members, and the Rule 23 Class Members to prove their hours worked with reasonable estimates if Defendant failed to keep accurate records in accordance with Ohio Law;

E. Awarding to Named Plaintiff and the FLSA Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G.  Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H.  Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.  Awarding Named Plaintiff and the Rule 23 Class Members compensatory and punitive damages under O.R.C. § 2307.60;

J.  Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and the Ohio Acts;

K.  Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L.  Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

    Respectfully submitted,

    **COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
    agedling@mcoffmanlegal.com

*Attorneys for Named Plaintiff
and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

>/s/ Matthew J.P. Coffman
> Matthew J.P. Coffman