**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Ariel Durr, on behalf of herself and
others similarly situated,**

      **Plaintiff,**

    **v.**

**Diversified Health Management,
Inc.,**

      **Defendant.**

**Case No. 2:20-cv-5429**
**Judge Michael H. Watson**
**Magistrate Judge Preston Deavers**

## OPINION AND ORDER

This action is before the Court on Plaintiff Ariel Durr's ("Plaintiff") Motion for

Default Judgment against Defendant Diversified Health Management, Inc.

("Defendant"). For the following reasons, Plaintiff's Motion is **GRANTED**.

### I. PROCEDURAL HISTORY

Plaintiff's Complaint was filed against Defendant on October 15, 2020,

alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.

§§ 201, *et seq.;* the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et*

*seq.*, ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code

§ 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as

"the Ohio Acts"); the Ohio Constitution, Oh. Const. Art. II § 34a; and O.R.C.

§ 2307.60. ECF No. 1. Service of the Complaint was successfully perfected

upon Defendant on December 6, 2020. ECF No. 4. Upon expiration of the

twenty-one (21) day period specified on the Summons, December 28, 2020, Defendant had not filed an Answer to the Complaint with the Clerk of this Court or upon the Plaintiff; nor has it otherwise defended this action. Plaintiff filed an Application for Entry of Default against Defendant on January 20, 2021. ECF No. 6. On January 21, 2021, the Clerk filed an Entry of Default against Defendant because it failed to appear, plead, or otherwise defend provided by the Rules of Civil Procedure. ECF No. 7. Pursuant to Federal Rule of Civil Procedure 55 and this Court's Local Rule 55.1(b), Plaintiff moved for default judgment on March 8, 2021. ECF No. 9.

## II.   STANDARD OF REVIEW

Applications for default judgment are governed by Rule 55(b)(2). Following the clerk's entry of default pursuant to Rule 55(a) and the party's motion for default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone*, Inc., No. 2:09-CV-0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (*citing Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, the Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.,* No. 07-14004, 2010 WL 2572713, at *4 (E.D. Mich. June 23, 2010) (internal quotations omitted). To

do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC,* No. 2:07-CV-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010) (citing *LG Electronics v. Advance Creative Computer Corp.*, 212 F.Supp.2d 1171 (N.D.Cal.2002)).

### III.    ANALYSIS

Defendant having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The Court has reviewed the factual allegations and find that they state a claim for liability.

To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.,* No. CIV A 206-CV-487, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007), *amended*, No. 206-CV-487, 2007 WL 490906 (S.D. Ohio Feb. 9, 2007). Here, the Court finds that an evidentiary hearing is unnecessary.

Plaintiff asserts violations of the overtime provisions of the FLSA and Ohio law; in addition to violations of O.R.C. § 2307.60. The FLSA requires covered

employers to pay its employees overtime compensation for hours of work exceeding 40 in a workweek at a rate of one and one-half times an employee's regular rate of pay. 29 U.S.C. § 207(a)(1). Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions. Ohio Const. Art. II, § 34a; Ohio Rev. Code §§ 4111.02-.03. Accordingly, the claims may be analyzed together. *Thomas v. Speedway SuperAmerica*, LLC, 506 F.3d 496, 501 (6th Cir. 2007).

Although the FLSA and the Ohio law use the same standards to determine liability, the laws provide different measures of damages. Employers who violate the minimum wage and overtime compensation provisions of the FLSA are liable for back pay, plus an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). If the Court finds that the employer acted in good faith, it may choose to deny an award of liquidated damages. 29 U.S.C. § 260. The burden on an employer to avoid liquidated damages is "substantial and requires 'proof that [the employer's] failure to obey the statute was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 840 (6th Cir. 2002). There is no evidence before the Court suggesting that Defendant is entitled to the good faith defense to an award of liquidated damages.

Plaintiff also asserted violations of the Ohio Prompt Pay Act, which provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest[,] court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

Ohio Rev. Code § 4113.15(B).

The Court hereby adopts the reasonable estimates of Plaintiff, awarding total damages of $11,063.52, consisting of $5,370.64 in unpaid overtime wages, $5,370.64 for liquidated damages, and $322.24 pursuant to OPPA.

## IV.    ATTORNEY'S FEES AND COSTS

Plaintiff seeks to recover a total of $8,321.81 in attorney's fees and costs incurred in the prosecution of this action through March 8, 2021, which does not include fees and costs incurred for executing on the default judgment. The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Ohio Wage Act similarly provides that the court shall award reasonable attorney's fees and costs to a prevailing employee. Ohio Rev. Code § 4111.10(A).

With regard to attorney fees, a "[p]laintiff bears the burden of proving that the requested fees and expenses are reasonable." *Citizens Against Pollution v. Ohio Power Co.*, 484 F.Supp.2d 800, 808 (S.D. Ohio 2007) (citing *Reed v.*

*Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)). "In determining what is reasonable, the general approach is to 'first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate'" and "[t]here is a 'strong presumption that the lodestar represents the reasonable fee.'" *Id*. (internal quotation marks omitted) (quoting *City of Burlington v. Dague*, 505 U.S. 557 (1992)). In determining the reasonableness of fees, the Court is cognizant that "[t]he purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (internal quotation marks omitted) (quoting *United Slate, Tile & Composition Roofers v. G & M Roofing and Sheet Metal Co*., 732 F.2d 495, 502 (6th Cir.1984)). Further, "an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Id*. at 1134–35.

As of March 8, 2021, Coffman Legal, LLC incurred $7,795.00 in fees. ECF No. 9-2, at ¶¶ 26–29. This fee request is supported by itemized billing statements. ECF No. 9-2, Exhibit 1. The reasonableness of the hourly rate is supported by the affidavit of Attorney Robi Baishnab. ECF No. 9-3. Attorney Baishnab opines that the hourly rates charged are within the fair and reasonable market value for services rendered in wage and hour litigation by attorneys with comparable qualifications in this market. *Id*. at ¶¶ 10–12. The Court has reviewed the attached billing statements and finds that there is no evidence of duplicative, unnecessary, or overly prolonged work. Additionally, the Court finds

that the documentation is "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers,* 732 F.2d at 502 n.2. Accordingly, the lodestar fees are $7,795.00.

The lodestar amount may be adjusted upwards or downwards based on a twelve-factor test. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). Plaintiff has not requested an upward adjustment. Similarly, the Court does not identify any circumstances warranting a downward adjustment. Accordingly, the Court finds that the requested fee award of $7,795.00 is reasonable and that Plaintiff is entitled to such an award.

Coffman Legal, LLC also seeks to recover $526.80 in costs and expenses, consisting of $125.00 for hiring a process server for service of the Complaint, $400 filing fee, and $1.80 to mail the Complaint by regular mail as of March 8, 2021. ECF No. 9-2 at ¶ 30. The Court finds that these costs and expenses were reasonable and necessary to the litigation of this action. *Landsberg v. Acton Enter., Inc*., No. 2:05-cv-500, 2008 WL 2468868, at *4 (S.D. Ohio June 16, 2008). Accordingly, the Court will allow recovery of $526.80 in costs.

Finally, Plaintiff seeks leave to file an additional application for an award of fees and costs incurred in executing and collecting the default judgment. The Court will permit Plaintiff to file an additional fee application and will address the merits of such a request at that the appropriate time.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment against Defendant, ECF No. 9, is **GRANTED**.  Plaintiff is entitled to a total of $11,063.52 in damages as allocated herein.  In addition, Plaintiff is entitled to an award of $7,795.00 in attorney's fees and $526.80 in costs, totaling $8,321.80. The total amount awarded is **$19,385.32**. Defendant is liable for these amounts.

The Clerk is **DIRECTED** to enter judgment for Plaintiff and terminate this case.  The Clerk is also **DIRECTED** to mail a copy of this Order and the Judgment to Defendant by certified mail as follows:

DIVERSIFIED HEALTH MANAGEMENT

c/o Bounthanh L. Phommasathit

3569 Refugee Rd. Suite C

Columbus, OH 43232

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**